IDUS A. INGLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18862, 18863. Promulgated June 30, 1950.

*Harry W. Goldberg, Esq.,* for the petitioner.
*E. M. Woolf, Esq.,* for the respondent.

---

OPINION.

LeMire, *Judge*: The petitioner does not deny that his returns contained false statements. In his brief he states: "At the outset, let it be noted that the petitioner does not deny the presence in his amended return for 1944, and in the original return for 1945, of certain false statements."

Both of the returns in question claimed deductions for travel expenses and, as separate items, hotel expenses which the petitioner did not have. Petitioner claims that these items were inserted in the returns by Nimro and that he did not know of them until he was confronted by the investigating revenue agent. He testified that he signed blank returns which he left with Nimro to be filled out and filed by him and that Nimro did not fill out the returns according to the information which he had furnished.

The evidentiary facts in this case are essentially like those in *Charles C. Rice*, 14 T. C. 503, and *Dale R. Fulton*, 14 T. C. 1453. The taxpayers in those cases were also T. W. A. pilots. They filed, or Nimro filed for them, returns containing statements admittedly incorrect and claimed various deductions to which they were not entitled. We found that the Commissioner had not borne the burden imposed upon him by statute of proving that the return was false and fraudulent with intent to evade tax. We said in our opinion in the *Rice* case:

The petitioner's difficulty here stems largely from a mistaken impression that for the purposes of the statute covering and allowing a deduction for living expenses while away from home on business, Anniston, Alabama, was to be regarded as his home during the taxable year and not Washington, D. C., which was his post of duty with his employer, T. W. A. That view while in error is

not novel. The impression that a person away from his legal residence or domicile on war duty was absent from home for the purpose of allowing on income tax returns deductions for living expenses was widely prevalent, and there was and still is some difference of opinion as to the correctness of some of the decisions which have held that the post of duty in such employment is the home of the taxpayer for the purpose of determining his right to deductions such as those here claimed. We do not therefore find in the claim of the deductions covering petitioner's living expenses while in Arlington, Virginia, or while away from Washington on duty a sufficient basis for the respondent's determination of fraud. * * *

Petitioner testified that Nimro advised him that he was entitled to deduct all of his living expenses while away from his home in Georgia and that the deduction of the travel expenses as shown in the returns was the proper way to claim them. The same representations were made to the taxpayer in *Charles C. Rice, supra.*

Because of the close similarity of the facts in this case to those in the *Charles C. Rice* case, we think that our ruling in that case should govern here. Therefore, in accordance with our opinion in that case, we hold that the Commissioner has not met his burden of proving that the returns filed by the petitioner for the years 1944 and 1945 were false and fradulent with intent to evade tax.

The respondent has included in petitioner's income for each of the years involved $2 per day for the time that petitioner was on travel status, which represents the difference between the $8 per day which T. W. A. allowed the petitioner for travel reimbursements and the amount, $6 per day, which the respondent determined was the actual cost of travel expenses to the petitioner. We have found on the evidence that petitioner's actual travel expenses were not less than $8 per day. The $2 per day charged to him by the respondent should, therefore, be eliminated.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*