*Decisions will be entered under Rule 50.*

DALE R. FULTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21135. Promulgated June 30, 1950.

*R. J. Hawkins, Esq.,* for the petitioner.
*E. M. Woolf, Esq.,* for the respondent.

1454

### OPINION.

VAN FOSSAN, *Judge*: In this case we find another chapter in the Nimro saga of fraudulent tax practice with its impingement on the taxpayers who sought his services. Here there is one unusual feature. Although it bears his name and purports to bear his signature, petitioner did not sign the return nor did he see such return after it was prepared previous to its being filed. According to the record, his first knowledge of the contents of the return came when he was shown the return by the examining agent. The schedule of deductions claimed follows the same pattern and, in at least one instance, coincides with the amount of expense charged by another taxpayer who employed Nimro to prepare his return. See *Charles C. Rice*, 14 T. C. 503.

Confronted with the return with its baseless deductions, petitioner does not undertake to justify the deductions claimed but frankly states that he never had the claimed expenses aggregating approximately $5,000. With the exception of a very minor item of expense, he concedes the correctness of the respondent's action in restoring same to income. Petitioner, however, strongly urges that he was not guilty of fraud—that in fact he was the victim and not the perpetrator of fraud.

As to the minor item of expense amounting to $252, suffice it to say that the record is wholly insufficient for us to make a finding in favor of petitioner. The proof of amounts spent for living accommodations in foreign countries is so generalized and so lacking in specific information that we would not be justified in hazarding an approximation as suggested in *Cohan* v. *Commissioner*, 39 Fed. (2d) 540. Accordingly, we affirm respondent's action in disallowing the item of $252.

In the matter of fraud we have concluded and found as a fact that the petitioner did not file a false and fraudulent tax return with the intention of evading taxes due. The circumstances here present justify an explanation and discussion of this finding.

The petitioner employed, unwittingly, so far as the record proves, an agent to prepare his tax return, who, judged by appearance, was a reputable person capable of affording clients proper tax advice. He spent but 15 minutes in his company, giving him such information as was asked for and being told by Nimro that he would get accurate information from the employer company. As stated above, petitioner did not see the return prepared by Nimro until confronted with it by

an agent of the respondent. He did not sign the return in blank or at any time. Albeit a more cautious or better informed person might have been put on his guard by Nimro's conduct, petitioner saw nothing to make him believe that Nimro was intending to prepare a false and fraudulent return. Certain it is also that respondent, on whom rested the burden of proof of fraud, has not proven that it was within the actual or apparent scope of Nimro's authority as petitioner's agent to prepare and file a false and fraudulent return.

It is a time honored concept that fraud is personal and must be brought home to the individual charged. If a party is forewarned of the intended fraud or if he knowingly accepts the fruits thereof, he has no ground to complain if held to account. Here on the record made, we are unable to find that petitioner was forewarned of the intended fraud or, having knowledge, accepts the fruits. We are not unmindful of the fact that every taxpayer is, in the first instance, his own tax assessor and owes a duty of preparing and filing a fair and honest return. Nor are we oblivious to the fact that a taxpayer may not automatically shield himself by claiming lack of knowledge of a return's contents. Here, however, the burden of proof rested on the respondent and he must suffer the consequences of a failure of proof that the taxpayer was consciously indifferent to his duties in these respects. Under the law the proof of fraud must be clear and convincing. There is no such proof here. Petitioner may have been negligent but there is no proof of intention of petitioner to defraud the Government of taxes due. Such important elements cannot be left to conjecture. They should be made the subject of proof. Such being the posture of proof in the case, we hold that the Government has failed to establish its case of fraud. No part of the deficiency is due to fraud with intent to evade tax.

Reviewed by the Court.

*Decision will be entered under Rule 50.*