Glen H. Sperry v. Commissioner.
Glen H. Sperry v. Commissioner
Docket Nos. 19421, 19422.
United States Tax Court
1950 Tax Ct. Memo LEXIS 153; 9 T.C.M. (CCH) 554; T.C.M. (RIA) 50168; June 30, 1950
*153 Harry W. Goldberg, Esq., 1511 K St., N.W., Washington, D.C., for the petitioner. E. M. Woolf, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined income tax deficiencies and penalties for 1945 and 1946 as follows: Delinquency
50%
Year
Deficiency
Penalty
Penalty
1945
$560.66
$84.10
$280.33
1946
380.70
190.35 The petitioner does not contest the deficiencies except as to the inclusion in gross income for 1945 of a gain from the reimbursement of travel expenses in excess of actual expenses. The petitioner denies liability for the penalties for both years. Findings of Fact The petitioner is a resident of Arlington County, Virginia. His income tax returns for 1945 and 1946 were filed with the collector at Richmond, Virginia. Petitioner was first employed by Transcontinental & Western Air Inc., (T.W.A.) as a mechanic in September 1942. He was transferred from Kansas City, Missouri, to the Washington, D.C., area on or about December 1, 1943, for training as a flight engineer. This training was completed in March 1945 and he was assigned to the Intercontinental Division of T. *154 W.A., with his home base at Washington, D.C. Thereafter, he made routine flights to a number of foreign countries, transporting strategic war supplies and army personnel to and from the theaters of war. He was transferred from the Intercontinental to the International Division of T.W.A. in March 1946. During 1945 petitioner was reimbursed by T.W.A. for travel expenses at the rate of $8 per day for foreign travel. He received from T.W.A. reimbursement amounting to $926 in 1945, representing 115 3/4 days of foreign travel. He had no domestic travel in 1945. After petitioner's transfer from the Intercontinental Division to the International Division of T.W.A. on March 10, 1946, he was assigned for further training to Kansas City, Missouri, where he remained from March 17 to April 19, 1946. From April 28 to May 11, 1946, he was stationed at Paterson, New Jersey, and from May 14 to June 30 at Reading, Pennsylvania. During all of 1946 petitioner was reimbursed for actual expenses while away from his home base at Washington, D.C. From July 1 to the end of 1946 the petitioner was again making overseas flights to various foreign countries. He received reimbursement from T.W.A. in that year *155 of $1,358.56, representing one hundred six days of domestic and one hundred one and three-fourths days of foreign travel. In his 1945 return petitioner reported gross income, consisting of salary from T.W.A., of $5,422.62, travel reimbursement of $910, and net income of $3,102.97, after the following deductions: Expenses: U.S. Travel: New York, Pitts-
burgh, Columbus, Dayton, Chi-
cago, Phoenix, Kansas City,
Wichita, Albuquerque, Winslow,
Burbank, Los Angeles, Des
Moines, St. Louis, Washington,
D.C.
Hotel
$3.00
Meals
3.50
Cabs to and from ports
2.00
Telephone reports
.40
Tips and misc.
.75
135 days at
$9.65
$1,264.15
Flight uniforms
350.00
Equip. and supplies
47.50
Equip. maintenance
104.00
Liability insurance (required)
36.00
Long distance calls and cables
60.00
Foreign Travel: Newfoundland,
Iceland, Italy, Scotland, England,
France, Greece, Iran, Tripoli,
Egypt, Canada, Azores, French
Morocco, Bermuda
114 days at $12.00
1,368.00
$3,229.65
Petitioner's 1946 return showed a gross salary from T.W.A. of $5,582.04, travel reimbursement of $1,138.09, and the following items of expense: Expenses: U.S. Travel: Kansas City, Chicago,
Columbia, New York, Boston,
Dayton, St. Louis, Wilmington,
Reading, Philadelphia
Hotel
$ 3.00
Meals
4.00
Cabs to and from
2.00
Telephone calls
.40
Tips and misc.
.75
162 days at
$10.15
$1,644.30
Navigation equip. and supplies
338.50
Equipment maintenance
104.00
Liability insurance
40.32
Long distance calls and cables
37.75
Dues
24.00
Foreign Travel: Newfoundland,
Ireland, Greenland, France., Ice-
land, Greece, Iran, Tripoli,
Egypt, Canada, Azores, French
Morocco, Algeria, Tunisia, Spain,
Portugal
56 days at $15.00
840.00
$3,028.87
*156 As filed, the returns showed tax liabilities of $232 for 1945 and $87.84 for 1946, and overpayments, by reason of withholdings, amounting to $500.16 in 1945 and $511.88 in 1946. Those amounts were subsequently refunded to petitioner. In determining the deficiency for 1945 the respondent disallowed all of the expenses claimed in the return, amounting to $3,229.65, and eliminated from the gross income $910the of travel reimbursement. He added to the gross income $228, representing the excess of travel reimbursements received for foreign travel over actual travel expenses. This was computed at the rate $2of per day for 114 days of travel. In the preparation of both his 1945 and 1946 returns petitioner obtained the services of Bernard P. Nimro, a tax consultant with the firm of Maury-Henry Company, Washington, D.C. He agreed to pay Nimro $25 cash and ten per cent of any taxes that might be refunded. The petitioner learned that Nimro had prepared income tax returns for some of his associates in T.W.A. He called at Nimro's office on March 12, 1946, and furnished him with a list of cities which he had visited during 1945 and other data for use in preparing his 1945 return. The petitioner *157 had just returned from an overseas flight on March 10 and had received orders to report at Kansas City, Missouri, on March 14. At Nimro's suggestion, he signed a blank form for 1945 which Nimro said he would file on his behalf. Nimro prepared and filed the return with the collector for the district of Virginia on May 28, 1946. Nimro in 1933 had been convicted of embezzlement and sentenced to the penitentiary and in 1937 had been disbarred from the practice of law in the District of Columbia. Early in January 1947 petitioner gave Nimro a power of attorney to prepare and file his return for 1946. He again furnished Nimro with certain information as to his salary, medical expenses, and other matters. Nimro prepared and filed petitioner's 1946 return without petitioner's signature and without submitting the return to the petitioner for his approval. Petitioner's returns for 1945 and 1946 were not false and fraudulent with intent to evade taxes. Opinion LeMIRE, Judge: The evidence in this case is that the petitioner's returns for both 1945 and 1946 contained deductions for expenses which in some instances the petitioner had not incurred. The petitioner freely admitted that the *158 returns contained false statements but he placed the blame for them on Nimro. He claims that Nimro did not prepare the returns on the basis of the information which he, petitioner, had furnished him. As to the fraud issue, the facts in this case closely resemble those in Charles C. Rice, 14 T.C. 503 (March 30, 1950), and Dale R. Fulton, 14 T.C. 1453 (June 30, 1950). The taxpayers in those cases were also T.W.A. pilots who were stationed in the Washington, D.C., area and who had engaged Nimro to assist them in filing their returns. In the returns they claimed travel expenses which they had not incurred or paid and which they admittedly had no right to deduct. We found, however, that Nimro was responsible for these false claims and that the evidence failed to show that the taxpayers knowingly filed false and fraudulent returns with intent to evade tax. On the evidence before us in this case we reach the same conclusions. The evidence fails to show any reasonable cause for the delinquency in the filing of the 1945 return. Apparently, petitioner left the whole matter to Nimro, after signing the return in blank. No explanation is offered for Nimro's failure *159 to file it within the time provided by statute. The assessment of the delinquency penalty is therefore sustained. The only objection which the petitioner makes to respondent's computation of tax for either year, except for the penalties, relates to the addition to the 1945 income of $228, representing a gain to the petitioner of $2 per day for 114 days of foreign travel. The respondent determined that travel reimbursement received from T.W.A. in that year exceeded petitioner's actual expenses by that amount. We are satisfied from the evidence that petitioner actually expended for meals and lodging and other legitimate needs the full amount of $8 per day allowed to him for travel, and that he realized no income from that source. The $228 should therefore be eliminated from petitioner's 1945 income. Decisions will be entered under Rule 50.