Frank Petee, Jr. v. Commissioner.
Petee v. Commissioner
Docket Nos. 18742, 18743.
United States Tax Court
1950 Tax Ct. Memo LEXIS 152; 9 T.C.M. (CCH) 552; T.C.M. (RIA) 50159; June 30, 1950
*152 Robert A. Littleton, Esq., 1021 Tower Bldg., Washington, D.C., for the petitioner. E. M. Woolf, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined income tax deficiencies and fraud penalties against the petitioner for 1944 and 1945 as follows: Year
Deficiency
Penalty
1944
$1,625.61
$812.81
1945
1,655.81
827.91 The deficiencies are not contested but petitioner does oppose the assessment of the fraud penalties. Findings of Fact Petitioner is a resident of Arlington County, Virginia. He filed his income tax returns for 1944 and 1945 with the collector of internal revenue at Cleveland, Ohio. Petitioner was employed by Transcontinental & Western Air, Inc., as a co-pilot in 1942. He had served as a flight instructor in 1941. Prior to that time he had had substantial pilot training under government auspices. During the taxable years 1944 and 1945 petitioner was employed by T.W.A. as a pilot and was assigned to the Intercontinental Division. The Intercontinental Division of T.W.A. was set up under contract with, and under the control of, the Army Transport Command for the purpose of transporting *153 personnel, mail, and express overseas for the United States army. The petitioner served as first officer until 1944, when he was made captain. During 1944 and 1945 petitioner's home base was at Washington, D.C., and he maintained a residence in Arlington County, Virginia. He received travel reimbursement from T.W.A. of $6 per day while on travel in connection with his employment away from home and within the continental limits of the United States, and $8 per day while on foreign travel. He made nineteen overseas flights in 1944 and received traveling reimbursement of $1,152, representing one hundred forty-four days of overseas travel. In 1945 he was on overseas travel for one hundred thirty-six days and received reimbursement in the amount of $1,088. In his return for 1944 the petitioner reported gross salary from T.W.A. of $9,930.01 and a net salary of $4,986.05, after the following deduction set out in a schedule of expenses attached to the return: Deductible Expenses
Travel - U.S. - New York, Presque Isle, California, D.C., Vir-
ginia.
Hotels - Lodging
$ 740.00
Meals
1,158.00
Travel - Foreign - South America, Bermuda, Puerto Rico, N.
Africa, Iceland, Labrador, Newfoundland, British Isles, Europe
2,775.00
Plane and R. R. Fare
589.96
Bus. Car "C" Travel
480.00
Dues
112.00
Supplies
241.00
Total Deductible Exp.
$6,095.96
Less Reimbursement
1,152.00
$4,943.96
*154 Other deductions claimed in the return and not shown on the schedule were contributions, $229; interest, $256; and property tax, $62. The return showed a net income of $4,439.05 and a tax liability of $944.76. For 1945 the petitioner reported a gross salary from T.W.A. of $12,571.44, plus partial travel reimbursement of $1,088, and a net income of $8,272.74 after deduction of the following items: Expenses: U.S. Travel - St. Louis, Albuquerque, Los Angeles, Washing-
ton, D.C., Cleveland, Altoona, Martinsburg, Johnstown,
Hagerstown, Maine, N. Y., Baltimore, Indianapolis, Dayton,
Columbus, Pasadena
Hotels
$ 4.00
Meals
4.50
Cabs to and from Ports
2.00
Telephone (Reports)
.40
Tips and Misc.
1.00
150 days at
$11.90
$1,785.00
Plane and R. R. Travel
551.20
Comm. Ration Travel 10,500 mi. at 5"
525.00
Uniform
87.50
Equip. and Supplies
62.00
Equip. Maint.
180.00
Plane Liability Ins. (Required)
44.00
Dues
112.00
Foreign Travel - Nova Scotia, Canada, Scotland, England,
French Morocco, France, Azores, Bermuda, Tripoli, New-
foundland, Labrador, Casablanca, New Brunswick
136 days at $15.00
2,040.00
$5,386.70 No other deductions *155 than those shown above were claimed in the 1945 return. The tax liability shown on the return was $1,660. The returns as filed showed overpayments of tax by withholding, amounting to $983.52 for 1944 and $906.60 for 1945. In both the 1944 and 1945 returns the petitioner gave his address as Willoughby, Ohio. He was a resident of Arlington County, Virginia, during all of those years. He lived in a rented room until about the middle of 1944, when he moved into a house at 2415 North Kensington Street. Willoughby, Ohio, was the home of his parents. The petitioner had not lived there since September 1942 when he came to Washington, D.C., to accept a job with T.W.A.
With minor exceptions, the petitioner had no business travel in the United States in either 1944 or 1945 and did not make any business trips to any of the places named in the schedules of expenses attached to his 1944 and 1945 returns. He visited some of those places during the taxable years while on vacation with his wife. He was on foreign travel status for one hundred thirty-six days in 1945. The cost of his meals and lodging while so traveling was not less than $8 per day. In filing his 1944 return the petitioner obtained *156 the services of Bernard P. Nimro, who was associated with the firm of Maury-Henry Company, with offices at 1811 H Street, N.W., Washington, D.C. On information furnished him by the petitioner and petitioner's wife, Nimro prepared the petitioner's 1944 return and mailed it to him. The petitioner signed the return and forwarded it to the collector. Petitioner's 1945 return was prepared in a similar manner except, as petitioner testified, he may have signed it in blank before it was actually filed out. The petitioner paid Nimro $60 for his services in making the 1944 return by check dated September 6, 1945, made out to Maury-Henry Company and endorsed by Nimro for deposit. Petitioner's returns for 1944 and 1945 were not fraudulent with intent to evade taxes. Opinion LEMIRE, Judge: Petitioner concedes the correctness of respondent's determination of the taxes due for both 1944 and 1945, but protests the assessment of the fraud penalty. As to the fraud issue, the facts here are similar to those in Charles C. Rice, 14 T.C. - (March 30, 1950). While stationed at or near Washington, D.C., the petitioner filed income tax return with the assistance of a disbarred attorney, Bernard P. *157 Nimro, in which he claimed travel expenses that were not incurred and made untrue statements as to his actual travel on business for his employer, T.W.A. We found in the Rice case that similar false claims were attributable to the taxpayer's erroneous impression that he was entitled to deduct as travel expenses all of his living expenses while in Washington, D.C., or elsewhere, away from Anniston, Alabama, which he mistakenly regarded as his home. We concluded on the evidence in that case that the Commissioner had failed to sustain his statutory burden of proof that the return was false and fraudulent with intent to evade tax. On the similar facts in the instant case we reach the same conclusion. See also Dale R. Fulton, 14 T.C. 1453 (June 30, 1950). The determination of the respondent is sustained except for the fraud penalties. Decisions will be entered under Rule 50.